L. L. NOEL v. CALEB ARNOLD'S EXOR.

Commissioners Sale—Presumptive as to Advertisement.
　　In the absence of proof to the contrary, it will be presumed that the commissioner advertised the sale as directed by the judgment, especially when his report shows he did.

Pleadings—Defective Petition Cured by Subsequent Pleadings and Exhibits.
　　The facts set out in the defendants answer and cross-petition together with the title bond filed therewith, clearly shows that there was a vendor's lien as to all the notes. Held that the defect in the original petition was thereby cured, at least after judgment.

APPEAL FROM OWEN CIRCUIT COURT.

January 8, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Whatever may have been the defect of the original petition as a suit to enforce a vendor's lien it was good as a suit to recover the amount of the notes due and unpaid.

The answer and cross-petition set out that the consideration for these notes was the sale and purchase of land and exhibited the vendor's title bond, which describes the notes sued on, and some not due at the bringing of the original suit, and which bond shows *that the title was to be made when the entire purchase price was paid.* This cross-petition sought a perfect title or a rescission of the contract. Plaintiff subsequently filed amended petition, making the vendor's and testator's heirs at law parties and showing a perfect title. The cause was transferred to the equity docket on defendant's motion. The amended petition averred that the notes last due were for unpaid purchase price for land and that a lien existed therefor, but, by oversight no such averment was made as to the notes originally sued on, yet, the facts set out in the defendant's answer, and cross-petition together with the title bond exhibited by him clearly show that there was a vendor's lien as to all the notes, and no waiver of said lien is averred or shown, therefore, we think the defect in the original petition was cured by the subsequent pleadings, at least after judgment, it will

not be heard the first time, as an obligation to enforcing the lien, especially as the plaintiff in his amended petition sets out said notes and when they will be due and asks judgment thereon and which appellant in his response thereto conceeds as to the description, but objects to judgment not because the notes were not due, but because he was seeking a rescission of the contract, and as the litigation continued for several years after the notes were all due and as we approve of the refusal to rescind, we will not reverse upon this mere technical ground under these issues. As a perfect title was manifested and no error shown in the allowing of credits, no substantial error, to appellant's prejudice, is perceived as to the judgment. The direction to the commissioner as to advertising and selling was certain to a common intent and in the absence of proof we will presume he advertised in the vicinity of the land, especially as he reports a compliance with the judgment, which required notice to be placed at the court house door and three other public places in the county. Judgment affirmed.

*Landram, for appellant.*

*Craddock, for appellee.*